IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH LYNN GETCHMAN, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| PYRAMID CONSULTING, INC., | ) ) | |
| Serve at: | ) ) | **JURY TRIAL DEMANDED** |
| Corporation Service Company, 40 Technology Pkwy South, #300 Norcross, GA 30092 | ) ) ) ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

COMES NOW Plaintiff Deborah Lynn Getchman ("Plaintiff" or "Getchman"), by and through undersigned counsel, and for her Verified Complaint against Defendant Pyramid Consulting, Inc. ("Pyramid" or "Defendant"), states as follows:

## JURISDICTION AND VENUE

1.      The Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), authorizes court actions by private parties to recover damages for violation of wage and hour provisions contained within the FLSA.  Jurisdiction of this Court is proper pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2.      Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district in that Defendant hired, controlled, and compensated its employees, including Plaintiff, in Missouri.

## PARTIES

3.      Getchman is a citizen of the United States who resides in Leslie, Missouri and has been employed by Pyramid as a Consultant since June 2014.  Plaintiff and those similarly situated are individual workers engaged in commerce or in the production of goods for commerce.

4.      Pyramid is a corporation based in Alpharetta, Georgia and works with large enterprises and fast-growing small- or medium-sized businesses to provide Information Technology Staffing and Enterprise Solutions.

5.      Pyramid is an "employer" of Plaintiff and all similarly situated individuals within the meaning of 29 U.S.C. §203(d), as it operates, controls and manages Consultants remotely and possesses power to hire and fire Consultants, supervises and controls consultant work schedules or conditions of employment, determines rates and methods of payment, and maintains employment records.

6.      Pyramid is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s) in that Defendant had, at all relevant times, two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in, or produced for, interstate commerce and Defendant had annual gross volume of sales made or business conducted of at least five hundred thousand dollars ($500,000.00).

## FACTUAL BACKGROUND

7.      Pyramid hired Plaintiff as a Consultant on June 23, 2014 at a CONFIDENTIAL hourly rate.  Plaintiff is presently employed at a CONFIDENTIAL hourly rate.

8.      The terms of Plaintiff's employment with Pyramid were specified in Pyramid's form Consultant Agreement (*see, e.g.*, Exhibit A) and relevant form attachments marked confidential such as Defendant's uniform work orders (*see, e.g.*, Exhibits B1 and B2).

9.     The only differences between Plaintiff and other Consultants (*i.e.*, non-exempt hourly employees) in these form contracts are the bolded terms therein, including name, SSN, address, client, client address, start and end dates, and rate of pay; the rest of the terms of the form employment contract are substantially similar—if not identical.

10.     Under the terms of the uniform employment contract and work order attachments, Plaintiff's primary duties as a Consultant are to perform work for Defendant and Defendant's specified CONFIDENTIAL client.

11.     Similarly situated consultant employees similarly performed work as directed by their form contracts with Defendant for Defendant's other specified clients at the clients' addresses.

12.     Plaintiff worked out of CONFIDENTIAL Defendant's Client's Hazelwood, Missouri location as a contract Project Coordinator/Manager.

13.     As a Project Coordinator/Manager, Plaintiff's job duties include scheduling and achieving project goals by coordinating between departments and teams at all stages of project testing and development.

14.     Through uniform work orders, Defendant maintains records of Plaintiff's hours worked and pay received and possesses control over Plaintiff's hours, requiring Plaintiff—by virtue of Defendant's form contract—to work all hours required by Defendant's client.

15.     Other similarly situated consultant employees have their wage and hour records maintained by Defendant and are required to work all hours specified by Defendant's other clients.

16.     Prior to July 23, 2015, Defendant's uniform work orders indicated a policy of splitting compensation between the taxable hourly or monthly wages at the "Consultant's Rate"

and the non-taxable per diem wage/rate, which would revert to taxable income after the first twelve (12) months. *See* Exhibit B1.

17.     The per diem clause concerning the taxability of per diem amounts paid to Consultants no longer exists in Defendant's most recent form work order. *Cf.* Exhibit B1 *with* Exhibit B2.

18.     The "Consultant's Rate" is an hourly or monthly pay rate calculated based on exclusion of a "tax free" amount (*i.e.*, "per diem" payment) from the total weekly amount of compensation paid to consultant employees.

19.     The "Consultant's Rate" is an hourly or monthly pay rate which is less than the regular rate agreed upon between Defendant and its consultant employees.

20.     Defendant based its payment of overtime compensation to Plaintiff and other similarly situated employees on the Consultant's Rates alone—not on the lawful regular rate—resulting in lower overtime rates and wages paid to consultant employees for hours worked in excess of forty (40) in any given workweek.

21.     For example, in the case of Plaintiff, Plaintiff's rate of compensation was split into a CONFIDENTIAL per hour "Consultant's Rate," and the remainder as "per diem" payment/rate. *See* Exhibits C1 and C2.

22.     Defendant paid Plaintiff overtime at a time-and-a-half rate based on the CONFIDENTIAL per hour "Consultant's Rate"—not the lawful regular rate.

23.     Relevant provisions of the FLSA (*i.e.*, 29 U.S.C. § 207(e)(2)) permit deduction from the regular rate and payment of overtime premiums of "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer."

4

24.     While the FLSA permits deduction of reimbursed expenses reasonably related to employment pursuant to 29 U.S.C. § 207(e)(2), the "per diem" payments to Plaintiff and other similarly situated employees were not reimbursements for expenses incurred by said individuals, but rather part of the total weekly or monthly compensation paid to them for their work performed and services rendered.

25.     Alternatively, Defendant did not possess adequate plans, policies, or practices of requesting or maintaining documentation of such expenses, any such alleged expenses were not incurred in the furtherance of Defendant's interests, and were not properly reimbursable by the Defendant, in that the purported expenses reimbursed actually constituted compensation for work performed and services rendered—not for actual expenses incurred. *See* 29 C.F.R. § 778.217.

26.     Paragraph 9 of Plaintiff's Consultant Agreement contains the specific terms of the payment of expenses and expense statements. (*See* Ex. A).

27.     By way of a confidentiality clause in its form contracts and form work orders, Defendant actively sought, and continues to seek, to conceal its consultant pay structure from any outside employee, including Defendant's clients and employees.

28.     Plaintiff and those similarly situated are non-exempt employees for purposes of the payment of overtime wages and recordkeeping requirements pursuant to the FLSA.

29.     At all times relevant herein, Defendant was under a duty to comply with all federal, state and local laws regarding payment for hours worked, contractually agreed to comply with all such laws, and classified Plaintiff and those similarly situated as non-exempt hourly employees of Defendant at all relevant times.

30.     Plaintiff and other similarly situated employees routinely worked more than forty (40) hours within a work week without receiving overtime pay of time-and-a-half for all hours

worked in excess of forty (40) per work week, in that Defendant calculated and paid overtime utilizing the Consultant's Rate as the regular rate, excluding remuneration for employment labeled as "per diem" that did not qualify for the exemption of 29 U.S.C. § 207(e)(2).

31.    On July 13, 2015, Plaintiff sent an email to Defendant, notifying it of the impropriety of excluding per diem from the calculation of the regular rate. *See* Exhibit D.  Plaintiff received no substantive response to this email for over one month.

32.    In an approximately twenty (20) minute phone call on or around August 27, 2015, Plaintiff spoke at length with Lisa Grinham ("Grinham"), Defendant's Senior Manager of Human Resources, about her unpaid wages and Defendant's pay practices.

33.    During this call, Grinham demonstrated familiarity with per-diem pay structures and acknowledged Defendant's per diem policy—applicable to Plaintiff and other similarly situated employees—was improper and had subsequently been changed.

34.    Despite these acknowledgements, Defendant requested Plaintiff accept a substantially reduced, inaccurate amount in unpaid compensation to address her complaints and for Pyramid to avoid having to re-file their quarterly filings with third party payroll provider ADP.

35.    Based on its statements, actions and omissions, Defendant knowingly and willfully sought to avoid paying Plaintiff all back wages owed at the appropriately calculated overtime rate, including all overtime remuneration (including the taxable portion) and liquidated damages for untimely payment.

36.    Based on its statements, actions and omissions, Defendant knowingly and willfully sought to actively conceal its violations and to reach an agreement to continue to unlawfully pay its employees in violation of the FLSA.

37.     Defendant has not lawfully rectified the systematic underpayment of its employees who were paid in a similar fashion pursuant to similar form contracts and similar recordkeeping plans and practices.

38.     To date, Plaintiff has not received the full compensation to which she is entitled under applicable laws and regulations.

39.     The net effect of the pay policies and practices maintained and administered by Defendant, instituted and approved by management, is that Defendant failed to pay Plaintiff and other similarly situated hourly, non-exempt consultants overtime compensation for all hours worked in excess of forty (40) per work week.

40.     These violations were knowing and willful, in that Defendant failed to maintain accurate records, sought to conceal the violations rather than remedy them, and repeatedly refused to fully remedy and correct the issues when repeatedly brought to Defendant's attention for out-of-court resolution.

## COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

42.     Plaintiff, individually and on behalf of other similarly situated hourly employees of Defendants, seeks relief on a collective basis challenging Defendant's calculation of overtime based upon the "Consultant Rate" rather than the lawful regular rate, thereby denying hourly employees of overtime pay equal to one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek during at least one (1) workweek over the past three (3) years.

43.     Plaintiff, individually and on behalf of other similarly situated individuals, seeks relief on a collective basis challenging Defendant's policy of paying overtime hours in a manner that does not include all compensation received by employees and failing to compensate employees for those hours worked at a rate of one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) per workweek.

44.     Plaintiff and potential opt-ins are similarly situated in that they are non-exempt employees subject to Defendant's common plan or practice of adhering to a deficient timekeeping and payroll system which unlawfully denied employees proper overtime pay based on a practice of improperly excluding "per diem" payments from the regular rate calculation.

45.     Plaintiff consented in writing to be a part of this action pursuant to 29 U.S.C. §216(b).  Plaintiff's signed consent form is attached as Exhibit E to the Complaint.

46.     Defendant failed to post notice of FLSA rights and misinformed employees as to their rights, thereby justifying equitable tolling of the statute of limitations.

## COUNT I

## FAILURE TO PAY OVERTIME COMPENSATION
## IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)

47.     Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

48.     At all times material herein, Plaintiff and those similarly situated were entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 216(b).

49.     The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay at which they are employed for all hours worked over forty per work week. 29 U.S.C. § 207.

50.     Defendants failed to pay Plaintiff and those similarly situated overtime compensation at the statutorily prescribed rate of one-and-one-half times the regular rate of pay

for all hours worked in excess of forty (40) per work week.

51.     Defendants violated the FLSA by failing to keep accurate records of all wages paid and adjustments to those wages, including bonuses, deductions, and other facilities worked by Plaintiff and those similarly situated.

52.     During the scope of her employment, Plaintiff and those similarly situated were not properly paid overtime for hours worked in excess of forty per work week at a rate of one-and-one-half times the regular rate of pay.

53.     Plaintiff and those similarly situated are owed liquidated damages as a result of not being properly paid overtime. No good faith or objectively reasonable basis exists for Defendant's violations of the FLSA.

54.     Defendant knew or should have known that Plaintiff and those similarly situated were non-exempt employees and knowingly and willfully violated the FLSA by failing to pay overtime compensation.

55.     Defendant failed to post notice of FLSA rights and misinformed employees as to their rights justifying equitable tolling of the statute of limitations.

WHEREFORE Plaintiff seeks relief and judgment against Defendant, individually and as a collective action, as follows: (1) judgment against Defendant for violation of the overtime wage provisions of the FLSA; (2) an award of unpaid overtime wages; (3) determination that Defendant's FLSA violations were willful; (4) imposition of liquidated damages against Defendant; (5) pre-judgment and post-judgment interest as provided by law; (6) an award of reasonable attorneys' fees and litigation and court costs incurred; and (7) such other and further relief as the Court deems fair and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues in this case which are so triable.

## VERIFICATION

I, Deborah Lynn Getchman, verify under penalty of perjury that the foregoing Verified Complaint is true and correct to the best of my knowledge, information, and belief.

Executed on this 19th day of July, 2016.

Deborah Lynn Getchman

Respectfully Submitted,


By:        */s/ Kevin J. Dolley*
          Kevin J. Dolley (E.D. Mo. #54132MO)
          Jason M. Finkes (E.D. Mo. #65903MO)
          LAW OFFICES OF KEVIN J. DOLLEY, LLC
          2726 S. Brentwood Blvd.
          St. Louis MO 63144
          (314)645-4100 (office)
          (314)736-6216 (fax)
          kevin@dolleylaw.com
          jason.finkes@dolleylaw.com

          *Attorneys for Plaintiff Deborah Lynn Getchman*
          *and those similarly situated*