IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEBORAH LYNN GETCHMAN,          )
individually and on behalf of others   )
similarly situated,              )
                                )
      Plaintiff,                )
                                )
v.                              )          Case No. 4:16-cv-01208-CDP
                                )
PYRAMID CONSULTING, INC.,        )
                                )
      Defendant.               )

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS FOR FLSA COLLECTIVE ACTION CLAIMS

COMES NOW Plaintiff Deborah Lynn Getchman ("Plaintiff" or "Getchman"), by and through undersigned counsel, and for her Memorandum of Law in Support of her Motion for Equitable Tolling of the Statute of Limitations for FLSA Collective Action Claims, states as follows:

### INTRODUCTION

On July 22, 2016, Plaintiff simultaneously filed her Verified Complaint, consent form, and Motion for Conditional Certification, seeking to pursue claims on a collective basis. [ECF No. 1; ECF No. 4].  Three months later, on October 4, 2016, Defendant filed its Response in Opposition to Plaintiff's Motion to Conditionally Certify FLSA Collective Action. [ECF No. 18].  On October 14, 2016, Plaintiff filed her Reply, which completed briefing on the matter of FLSA conditional certification. [ECF No. 20]. This request for equitable tolling of the statute of limitations for FLSA collective action claims follows.

**STANDARD OF LAW**

Under the FLSA, claims must be "commenced within two years after the cause of action accrued," unless the violation was "willful." 29 U.S.C. § 255(a).  If an employer's violation is willful, the FLSA extends the statute of limitations to three years. *Id.*  An action is commenced under the FLSA when a party files suit, but in the case of a collective action, if a party's name does not appear on the complaint, the action commences with respect to that party when he or she files a written consent to become a part of the collective action. 29 U.S.C. § 256(a)-(b).  As a result, the statute of limitations continues to run until a putative class member elects to join the suit. *Id.*

While courts generally require strict compliance with a statute of limitations, equitable tolling allows a plaintiff to sue beyond the statute of limitations period when he has been prevented from timely filing by inequitable circumstances "truly beyond the control of the plaintiff." *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006). In the Eighth Circuit, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Johnson v. Hobbs*, 678 F.3d 607, 610 (8th Cir. 2012) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Eighth Circuit has not directly addressed the issue of equitable tolling in an FLSA case, but district courts in several jurisdictions (including the Eastern District of Missouri) have held that delays of varying lengths between the filing of a motion for conditional certification and a ruling on that motion may constitute "exceptional circumstances" that warrant the equitable tolling of the FLSA claims. *See, e.g.*, *Davenport v. Charter Commc'ns, LLC*, No. 4:12CV0007 AGF, 2014 WL 2993739, at *4 (E.D. Mo. July 3, 2014) (collecting cases, one of which found four months of delay to justify tolling).  This is because, in the context of the FLSA, equitable tolling

2

protects the interests of the putative class because members of the collective do not receive notice of their right to opt-in to the action—and cannot opt-in to protect their rights—until notice is disseminated. 29 U.S.C. §256(b); *Davenport*, 2014 WL 2993739, at *4; *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (Honorable Sotomayor, J. noting the FLSA requires a low burden for conditional certification so as to facilitate and provide notice as soon as practicable to potential plaintiffs "whose claims continue to 'die daily'"); *see also Woodward v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 193 (M.D. Pa. 2008) (noting tolling appropriate if defendant actively misled plaintiff) (quoting *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845 (3d Cir. 1992)).

## ARGUMENT

**I.     PLAINTIFF REQUESTS THIS COURT EQUITABLY TOLL THE APPLICABLE STATUTE OF LIMITATIONS FOR FLSA OPT-IN PLAINTIFFS TO AT LEAST JULY 22, 2016.**

Plaintiff requests this Court equitably toll the applicable statute of limitations for opt-in plaintiffs, at minimum, to the date Plaintiff filed her Motion for Conditional Certification: July 22, 2016. [ECF No. 4]. Plaintiff's Motion has been pending for over four and a half months. [*Id.*]

Defendant filed its Answer on September 19, 2016, acknowledging subject matter jurisdiction was proper. [ECF No. 14].  Over a month later, on October 28, 2016, Defendant filed its Response in Opposition to Plaintiff's Motion to Conditionally Certify FLSA Collective Action, asserting now that Subject Matter Jurisdiction was lacking. [ECF No. 18].

Critically, in its most recent Reply filed with the Court, Defendant effectively conceded the lack of merit to its Motion to Dismiss. [*See* ECF No. 35, p. 5].  Defendant noted in its Reply "Plaintiff observes that there is no evidence that Pyramid ever submitted the $8,564.73 to the government." [*Id.*] Defendant tellingly failed to present any such evidence to controvert Plaintiff's evidence. Moreover, even if it was paid (it was not), Defendant acknowledged that it would not be

entitled to consider such funds towards unpaid premium wages owed. [ECF No. 35, p. 3] ("Pyramid agrees that the $8,564.73 amount is not an FLSA 'credit'") and, if that is true, "…there remains a 'shortfall' of $5,510.64."  [ECF No. 35, p. 6, n. 3].

After filing its Motion to Dismiss, Defendant requested a stay of the Rule 16 Scheduling Conference and Rule 26(f) discovery conference, pending the outcome of its Motion to Dismiss. [ECF Nos. 21, 22, 27].  Throughout this time period, Defendant requested repeated extensions of time for filings with this Court, presumably for purposes of investigating and/or responding to legal and factual issues Defendant has been aware of since at least July 13, 2015. [ECF Nos. 11; 31-12; 14].  Plaintiff opposed these unnecessary requests for extension. Plaintiff repeatedly reiterated she seeks recovery on an individual and collective basis, and delays prejudice the rights of not only her but also the collective of individuals similarly situated yet to receive notice of the lawsuit. [ECF No. 31-13].  Nevertheless, Defendant repeatedly sought additional extensions of time. [ECF Nos. 15, 16, 33, 34].

In *Davenport*, Judge Fleissig concluded a statute of limitations may be appropriately tolled where there is some delay between the filing of and ruling on the motion for conditional certification, defendant knew the scope of its alleged liability, and defendant conducted motion practice adding to delay (including seeking a stay). 2014 WL 2993739, at *7-8.  *Davenport* aligns with other decisions noting that equitable tolling is fundamentally about fairness, and allowable where the plaintiffs actively sought to pursue their legal rights. *See Small v. Univ. Med. Center of Southern Nevada*, 2013 WL 3043454, at *4 (D. Nev. June 14, 2013); *Adams v. Inter–Con Security Systems, Inc.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007); *Zerilli–Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). When delay is created by procedural hurdles raised by a defendant,

the defendant is not entitled to a windfall resulting from an overburdened judicial docket, especially where the scope of their liability is known.[1] *Davenport*, 2014 WL 2993739, at *8.

Here, several realities outside of Plaintiff's control threaten to jeopardize the rights of others whom have not been provided notice of their rights under the FLSA.  Over four months have elapsed since Plaintiff filed her Motion for Conditional Certification. The stay of discovery prevents potential class members from being apprised of their rights, the pending action, and their ability to assert such rights.  Plaintiff requests this Court toll the statute of limitations, at minimum, to the date Plaintiff filed her Motion for Conditional Certification: July 22, 2016.

## II.     PLAINTIFF REQUESTS THE COURT FURTHER TOLL THE STATUTE OF LIMITATIONS TO JULY 13, 2015 FOR FLSA CLAIMS BECAUSE DEFENDANT KNOWINGLY CAUSED UNNECESSARY DELAY AND ACTIVELY SOUGHT TO MISLEAD PLAINTIFF REGARDING HER LEGAL RIGHTS.

Plaintiff seeks further equitable tolling of the statute of limitations under the FLSA to July 13, 2015.  On this date, Plaintiff brought to Defendant's attention the impropriety of Defendant's pay scheme and its potential scope of liability resulting therefrom, e-mailing Defendant a link to Defendant's counsel's website outlining legal issues with phantom per diem payments excluded from the regular rate of pay.  [ECF Nos. 6-6; 31-9]

On June 23, 2014, Defendant entered into a form employment contract with Plaintiff for Information Technology services work on behalf of Defendant for Defendant's clients. [ECF No. 6-1, ¶ 1].  The form contract specifies that Plaintiff must adhere to applicable policies, procedures, and requirements of Defendant and its clients in performing assigned work, including one specific

---

[1] Court-supervised notice and the opt-in period are more often than not the only mechanisms by which putative class members can be accurately and legitimately apprised of their rights. *See Ondes v. Monsanto Co.*, 2011 WL 6152858, at *6 (E.D. Mo. Dec. 12, 2011) (a requirement that a plaintiff show potential class members desire to opt-in to the litigation "would essentially force plaintiffs or their attorneys to issue their own form of informal notice or to otherwise go out and solicit other plaintiffs…and unnecessarily give rise to potential ethical issues").  Even if Plaintiff desired to attempt ethically fraught communication with potential opt-ins, Defendant's form employment contracts tellingly mandate strict confidentiality regarding their contents. [ECF No. 6-2].

policy: Defendant does not pay for or reimburse travel, living, entertainment expenses incurred by employees in the normal course of her work. [ECF No. 6-1, ¶ 9].

Defendant's form contract incorporated an attached form work order. [ECF No. 6-1, ¶ 5; ECF Nos. 6-2; 6-3; 6-4].  The work order explicitly split Plaintiff's "consultant's rate" (*i.e.*, the hourly rate at which she was paid) into a $13.12 per-diem hourly (sic) payment and a $15.00 hourly payment. [ECF No. 6-2].  The rate of pay it described was to be confidential, prohibiting employees from divulging that rate to anyone, including Defendant's clients or other employees. [*Id.*]

Defendant's form contract explicitly acknowledged an obligation to deduct amounts from the Consultant's compensation only as authorized by applicable law and a requirement to document any reimbursement before payment. [ECF No. 6-1, ¶¶ 5, 9]. The form work order attached to the form contract explicitly warranted "[Defendant] complies with all federal, state, and local laws regarding payment for hours worked." [ECF No. 6-2].

On or around July 18, 2014, as Plaintiff began work for one of Defendant's clients, Defendant informed Plaintiff that she would not be entitled to overtime and that Pyramid was under no obligation as an employer to ensure lawful payment of overtime, stating: "it is not up to us." [ECF No. 31-2].  Further, when asked about documentation of the per-diem hourly pay, Defendant responded only: "Your per diem is automatically taken out of your pay check." [*Id.*]

On July 13, 2015, Plaintiff brought to Defendant's attention the impropriety of Defendant's pay scheme and its potential scope of liability resulting therefrom, e-mailing Defendant a link to Defendant's counsel's website outlining legal issues with phantom per diem payments excluded from the regular rate of pay.  [ECF Nos. 6-6; 31-9]

It was not until August 27, 2015 that Defendant's HR Director Lisa Grinham ("Grinham") first reached out to Plaintiff to discuss her overtime concerns. [ECF No. 31-10, p. 12.].  Defendant

offered to compromise Plaintiff's individual claims, by crediting itself Plaintiff's purported back-taxes and tax payments. Plaintiff repeatedly expressed confusion regarding Defendant's efforts to credit to itself the unpaid tax payments and her inability to obtain proof from any accountants of payment on her behalf. [ECF No. 31-12, p. 4].  To this date, Defendant continues to assert this misleading, factually and legally false claim. [ECF No. 35].

From July 13, 2015 forward, Defendant dallied and delayed, refused to address Plaintiff's tax concerns, and, ultimately, after dragging its feet for several months, told Plaintiff she had been paid "everything" owed to her. [ECF Nos. 21, 31-10, 31-11, 31-12; 31-13. 31-14, 31-15, 31-16].

Further, by operation of its form contracts, Defendant actively sought to keep its unlawful pay scheme confidential. [ECF No. 6-1].  These contracts sought to maintain confidentiality and chill assertion of FLSA rights through legally impermissible indemnification provisions. *See Morris v. Blue Sky Management, LLC*, 2012 WL 527936 at *3-4 (W.D. Mo. Feb. 16, 2012); *Martin v. Gingerbread House, Inc.*, 977 F. 2d 1405, 1407–08 (10th Cir. 1992); *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 143 (2d Cir. 1999); *Lyle v. Food Lion*, 954 F.2d 984 (4th Cir. 1992); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986).

In sum, Defendant's unnecessary delays – coupled with repeated misrepresentations to Plaintiff regarding her legal rights, and misrepresentations regarding Plaintiff's pay scheme to date – justify equitable tolling of the FLSA statute of limitations to July 13, 2015. *See Miller*, 977 F.2d at 845. Alternatively, Plaintiff requests the Court equitably toll the applicable statute of limitations on both Plaintiff's individual and collective claims to January 22, 2016—that is, the date upon which Defendant attempted to mislead Plaintiff regarding her legal rights under the FLSA by stating she had been paid everything she was owed. [ECF No. 31-12] ("I don't recall agreeing to

any other number, and it was my understanding that the amount paid to you was the full amount […] everything owed has been paid to you.").

<u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Court enter an Order granting Plaintiff's Motion for Conditional Certification and equitably tolling the applicable statute of limitations for FLSA claims to the earliest of the following potential dates: July 13, 2015, January 22, 2016 or July 22, 2016, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

By:        */s/ Kevin J. Dolley*
            Kevin J. Dolley (E.D. Mo. #54132MO)
            Jason M. Finkes (E.D. Mo. #65903MO)
            LAW OFFICES OF KEVIN J. DOLLEY, LLC
            2726 S. Brentwood Blvd.
            St. Louis, MO 63144
            (314) 645-4100 (office)
            (314) 736-6216 (fax)
            kevin@dolleylaw.com
            jason.finkes@dolleylaw.com

            *Attorneys for Plaintiff Deborah Lynn Getchman*
            *and those similarly situated*

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing was served upon the attorneys of record for Defendant by electronic filing on December 15, 2016 through the Court's electronic filing system.

            */s/ Kevin J. Dolley*