**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEBORAH LYNN GETCHMAN, ) <br> Individually and on behalf of others ) <br> similarly situated, ) <br> ) <br>            Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PYRAMID CONSULTING, INC., ) <br> ) <br>            Defendant. ) | Case No. 4:16-cv-01208-CDP |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS FOR FLSA COLLECTIVE ACTION CLAIMS**

Defendant Pyramid Consulting, Inc. ("Defendant") submits the following Memorandum in Opposition to Plaintiff's Motion for Equitable Tolling of the Statute of Limitations for FLSA Collective Action Claims [36].

**I.     INTRODUCTION.**

Plaintiff seeks to toll the statute of limitations for the FLSA claims of all potential opt-in Plaintiffs to July 22, 2016, the date on which she filed her motion for conditional certification [4]. Plaintiff also seeks to "toll" the statute of limitations for Plaintiff's own FLSA claims to July 15, 2015, the date of Plaintiff's first inquiry to Defendant about her earnings.  Alternatively, Plaintiff seeks to toll the statute of limitations on Plaintiff's individual and collective claims to January 22, 2016, the date Plaintiff contends that Defendant allegedly "attempted to mislead Plaintiff regarding her legal rights under the FLSA."  Plaintiff fails to offer any indication as to how potential opt-in Plaintiffs have been prevented from asserting their claims due to circumstances beyond their

control, or how Plaintiff or any of the potential opt-in Plaintiffs have been faced with "extraordinary circumstances" that would entitle them to the extreme relief of tolling of the statute of limitations in the instant matter. As discussed in more detail below, the Court should deny Plaintiff's Motion to Equitably Toll the Statute of Limitations for FLSA Collective Action claims in its entirety.

## II.   LAW AND ARGUMENT

### A.   The FLSA Does Not Authorize Tolling of the Statute of Limitations and Plaintiff Fails to Demonstrate a Basis to Disturb This Well-Settled Principle.

The commencement of an FLSA collective action does not toll the statute of limitations for putative class members. 29 U.S.C. § 256(b). Thus, absent an order from the Court tolling the applicable statute of limitations, the limitations period for each putative class member is two years or, in the case of a willful violation, three years. 29 U.S.C §§ 255(a), 256(b). Plaintiff is requesting that the Court equitably toll the statute of limitations for potential opt-in Plaintiffs to July 22, 2016, the date Plaintiff Deborah Getchman filed her Motion for Conditional Certification. [4].

"Because statutes of limitations protect important interests of certainty, accuracy, and repose, equitable tolling is an exception to the rule, and should therefore be used only in exceptional circumstances." *Redman v. U.S. W. Bus. Res., Inc.,* 153 F.3d 691, 696 (8th Cir. 1998) (citing *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 452-53 (7th Cir.1990)); *see Motley v. United States,* 295 F.3d 820, 824 (8th Cir.2002) (quotation omitted); *Riddle v. Kemna,* 523 F.3d 850, 857 (8th Cir.2008) ("Equitable tolling is an exceedingly narrow window of relief." (quotation omitted)). While rarely appropriate in any federal claim, courts must exercise caution when tolling the statute of limitations under the FLSA. *Woodard v. FedEx Freight East., Inc.,* 250 F.R.D. 178, 194 (M.D. Pa. 2008) (explaining that courts must be particularly "cautious about equitably tolling the FLSA limitations period"). The United States Court of Appeals for the Eighth Circuit has not

addressed the circumstances in which the equitable tolling doctrine applies to FLSA collective actions, but a Plaintiff seeking to toll the statute of limitations in any action generally must establish "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *see Earl v. Fabian,* 556 F.3d 717, 722 (8th Cir.2009).

In providing an opt-in procedure for the FLSA, Congress was "aware that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs." *Adedapoidle-Tyehimba v. Crunch, LLC*, 2013 WL 4082137, at *7 (N.D. Cal. Aug. 9, 2013) (quoting *Woodard,* 250 F.R.D. at 194); *see also Davenport v. Charter Communications, LLC*, No. 4:12CV0007 AGF, 2014 WL 2993739, at *5 (E.D. Mo. July 3, 2014) (noting that some delay between the filing of a motion for conditional certification and the issuance of notice to the class is anticipated and ordinary in FLSA cases, and permitting tolling on this basis would transform the "extraordinary remedy" of equitable tolling into a routine, automatic one) (citations omitted). Congress could have avoided the impact of this "foreseeable delay . . . by patterning the statute of limitations for the FLSA after that of Rule 23 for class actions; however, they did not do so." *MacGregor v. Farmers Ins. Exch.*, 2011 WL 2731227 (D.S.C. July 13, 2011); *see also Davenport,* 2014 WL 2993739 at *5 (noting that Congress "chose not to provide for tolling of the limitations period" under the FLSA).

Plaintiff argues that equitable tolling on behalf of the potential opt-in Plaintiffs is warranted in this case because (1) Plaintiff's Motion for Conditional Certification has been pending for over four months; (2) Defendant requested a stay of discovery until the Court ruled on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction; and (3) Defendant has sought

3

"unnecessary" requests for extensions in this case.[1]  Plaintiff – who has already asserted her FLSA rights in the instant action – further argues that the statute of limitations of her own FLSA claims should be equitably tolled to July 13, 2015, the date upon which Plaintiff first notified Defendant of alleged deficiencies in her per diem payments.  Alternatively, Plaintiff requests that the statute of limitations be tolled to January 22, 2016, the date upon which Defendant supposedly attempted to "mislead" Plaintiff regarding her legal rights (even though Plaintiff noted in that email string that she already was represented by counsel) by stating that she had been paid everything she was owed.  Not only is Plaintiff's Motion riddled with factual inaccuracies, but even if taken as true, Plaintiff still has not met the requisite burden for herself or the potential opt-in Plaintiffs to equitably toll the statute of limitations regarding the FLSA claims here.  Thus, Plaintiff's Motion to Toll should be denied in its entirety.

>    **B.    The Statute of Limitations Cannot Be Equitably Tolled as to Potential Opt-in Plaintiffs Based On Following Established Procedures Relating to Conditional Certification Motions.**

Delay between a Plaintiff's Motion for Conditional Class Certification and the Court's ruling on that motion is customary in FLSA claims.  For this reason, the FLSA itself does not provide for tolling of the statute; Plaintiff has failed to set forth any facts or authority that would require or even suggest that the Court should ignore the absence of a statutory provision and the ordinary course of events in litigation.  As the cases cited in Plaintiff's Motion to Toll demonstrate, Courts have tolled the statute of limitations for potential opt-in plaintiffs only in extreme cases when the delay between a filing and ruling on the motion for conditional certification is significant.

---

[1] Plaintiff fails to articulate how any of Defendant's requests for extension of time were "unnecessary," but nevertheless states that Plaintiff opposed many of these extensions.  Plaintiff also fails to acknowledge that Plaintiff has also sought extensions from Defendant, none of which were denied.

*See, e.g., Thompson v. Direct Gen. Consumer Prods., Inc.,* No. 3:12–CV–1093, 2014 WL 884494, at *8–9 (M.D. Tenn. Mar. 5, 2014) (holding that a delay of 15 months in ruling on the motion for conditional certification was an exceptional circumstance warranting equitable tolling) (emphasis added); *Bergman v. Kindred Healthcare, Inc.,* 949 F.Supp.2d 852, 860–61 (N.D. Ill. June 11, 2013) (tolling the statute of limitations during the **two-year** pendency of a motion for conditional certification and citing its own "excessive delay" in ruling on the motion and the absence of fault on the part of the plaintiff as the bases for equitable tolling) (emphasis added); *Holliday v. JS Express Inc.,* No. 4:12CV01732 ERW, 2013 WL 2395333, at *8 (E.D.Mo. May 30, 2013) (Plaintiffs' allegations of procedural delay of 10 months by Defendant did not rise to the level of an extraordinary circumstance and Court declined to toll the statute of limitations to the date Plaintiffs filed the Complaint).

The statute of limitations for FLSA claims, however, should not be equitably tolled during the period of ordinary and established procedures pertaining to conditional certification, and the four-month period that forms the basis of Plaintiff's equitable tolling argument here does not even approximate the type of "exceptional circumstances" that might warrant tolling of the statute of limitations for potential opt-in Plaintiffs. *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1243-44 (S.D. Ala. 2008) (refusing to equitably toll the statute of limitations "during the time period in which the motion for conditional certification was pending"). Indeed, "There was never a guarantee that the . . . court would approve conditional certification, and thus the potential opt-in plaintiffs had no reasonable basis for relying upon **possible** certification as a basis for delaying the filing of their claims." *In re Tyson Foods, Inc.*, 2008 U.S. Dist. LEXIS 81626, at *20-21 (M.D. Ga. Oct. 15, 2008) (emphasis in original). Significantly, Plaintiff cites not a single case which authorizes tolling for opt-ins under the circumstances she has presented to the Court. Thus, the

Court should reject Plaintiff's invitation to toll the statute of limitations beyond the period mandated in the FLSA on this basis alone.

      **C.     Plaintiff Has Not Presented Any Evidence of Improper Conduct by Defendant That Would Warrant Equitable Tolling.**

Plaintiff also points to Defendant's supposed "repeated" and "unnecessary" requests for extensions of time as a basis for the equitable tolling of the statute of limitations for the potential collective class, but fails to provide any authority (in this district or otherwise) in support of her contention.  Plaintiff, of course, makes no mention of her own requests for extensions.  Plaintiff did oppose Defendant's motion to stay the Rule 16(f) conference and related deadlines [23] until the Court ruled on Defendant's dispositive motion regarding jurisdiction.  That motion, however, was the only extension that Plaintiff has opposed throughout the course of this case.  Indeed, all other extensions that Plaintiff references in her Motion to Toll were extensions for which Defendant first obtained Plaintiff's consent, including for Defendant's briefing relating to Plaintiff's Motion for Conditional Certification [15][2] and for Defendant's Reply in Support of its Motion to Dismiss For Lack of Subject Matter Jurisdiction [33].[3]  These requests for extensions sought by Defendant were not "unnecessary" (whatever that may mean) and certainly did not amount to a "procedural hurdle" of some sort so as to create an "exceptional circumstance." *N. v. Bd. of Trustees of IL State Univ.,* 676 F. Supp. 2d 690, 696 (C.D. Ill. 2009) (Defendants' Motion to Dismiss and requests for extensions of time to answer are not the type of conduct that is

---

[2] In support of her contention that Defendant "repeatedly sought additional extensions of time," Plaintiff appears to have erroneously cited to "ECF 16," which is Plaintiff's counsels' Entry of Appearance.

[3] As noted in Defendant's <u>Unopposed</u> Motion for Extension of Time for the reply relating to the jurisdiction motion, Lead Counsel J. Randall Coffey was preparing for a jury trial in the District of Kansas, and counsel Samantha J. Monsees was on her Honeymoon from November 16 -27, as well has having been summoned for jury duty during the week of November 28, 2016.

contemplated by equitable [tolling]). Nonetheless, Plaintiff herself now should be estopped from claiming that her *own consent* to these extensions caused such significant delay or somehow amounted to a "procedural hurdle" so as to entitle her or any of the potential opt-in plaintiffs to the extreme remedy of equitable tolling.

> **D. The Statute Of Limitations Cannot Be Equitably Tolled As To Plaintiff's Individual FLSA Claims When Plaintiff Has Already Asserted Her FLSA Claims Against Defendant And Filed Her Written Consent.**

Plaintiff also apparently argues that the statute of limitations for her own individual claims should be "equitably tolled" to July 13, 2015 as well.[4] Despite the fact that Plaintiff obviously already has asserted her FLSA claims against Defendant in July 2016, the stated basis for this request is that: (a) Defendant unnecessarily created delays (which was addressed above), and (b) Plaintiff was subjected by Defendant to an alleged form contract regarding her pay (which Defendant disputes in any event) and that Defendant supposedly made a series of misrepresentations to her about her compensation.

In regard to the contract, Plaintiff recounts in her own Memorandum in support of her present motion that she "brought to Defendant's attention the impropriety" of how she was being compensated by July 2015. (Plaintiff's Memorandum at 6 [37]). Plaintiff fails, however, to note that she specifically referred to being represented by counsel in one of the communications in which she claims she was "mislead" by Defendant, a fact that surely suggests she cannot rely on any statement by Defendant. Plaintiff has failed to assert plausible grounds upon which to find

---

[4] It is entirely unclear to Defendant how what Plaintiff is requesting as to her own claims amounts to "equitable tolling." Rather, it appears simply that Plaintiff seeks to have the Court rule, without citation to a single authority that would support doing so, that Plaintiff should be deemed to have satisfied the statutory filing requirement as of July 13, 2015.

7

that Defendant actively misled her respecting the filing of her claims in this matter and there is no reasonable basis to support Plaintiff's request for "equitable tolling."

Plaintiff then cites to a number of cases that address the issue of the assertion of third-party indemnity claims against employees in FLSA actions, which conclude that such claims are preempted by the Supremacy Clause; the cases also raise issues about whether the assertion of such claims are retaliatory. *See, e.g., Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407-08 (10th Cir. 1992) (finding preemption of third-party claim and that assertion of that claim was not retaliatory); *Morris v. Blue Sky Mgmt., LLC,* No. 11-00979-CV-DGK, 2012 WL 527936, at *5 (W.D. Mo. Feb. 16, 2012) (Defendant's assertion of a counterclaim against a FLSA Plaintiff for breach of her employment contract was not considered a compulsory counterclaim so as to invoke the court's jurisdiction).

There has been no assertion by Defendant of a claim against Plaintiff here.  Indeed, it is entirely unclear why these citations have anything at all to do with this case, as each case cited by Plaintiff is inapposite to the instant matter.  Plaintiff has entirely failed to articulate any basis for the requested equitable tolling (if that is even what this is) of the statute of limitations to July 2015 as to her own, already-asserted claim.

As a practical matter, Plaintiff did not begin her employment with Defendant until June 23, 2014. (Plaintiff's Memorandum at 5 [37]).  On July 22, 2016, Plaintiff filed her Verified Complaint asserting her FLSA claims against Defendant, as well as her Consent to Join.  [1] and [1-11].  Once Plaintiff has filed her written notice of consent, the statute of limitations for FLSA claims looks back two years, i.e., until July 22, 2014 in this case as to Plaintiff.  29 U.S.C. § 216(b).  Aside from the fact that Plaintiff has failed to articulate a sufficient basis to entitle her to the extremely rare relief of equitable tolling, Plaintiff has already asserted her FLSA claims against Defendant.

Plaintiff filed her claim in time to cover all but a few weeks of her employment; Defendant had nothing whatsoever to do with her decision, after retaining counsel at least by December 2015 (see [31-12]), not to file this action until July 2016.  Furthermore, Plaintiff's alternative request to equitably toll the statute of limitations to January 22, 2016 is equally as puzzling.  She simply has not furnished any adequate factual basis or legal authority to be deemed to have met the statute of limitations by this date either.

Confusion aside, Plaintiff's assertion that Defendant "attempted to mislead" Plaintiff by stating that it believed all owed monies had been paid to Plaintiff certainly is not a sufficient basis to warrant equitable tolling. *Huggins v. United States,* No. 95-285 C, 2005 WL 6112625, at *8 (Fed. Cl. Aug. 16, 2005) (plaintiffs not "misled" by repeated assertions that they were properly classified); *Aly v. Butts County,* 841 F.Supp. 1199, 1202 (M.D.Ga.1994) (same). The Court should deny Plaintiff's request because Plaintiff fails to provide any basis whatsoever to support her request to "toll" the statute of limitations with regard to her own FLSA claims.

### III.    CONCLUSION

Under the FLSA, the statute of limitations is tolled as to the claims of a putative opt-in plaintiff **only** when the plaintiff has opted-in to the suit by filing a written notice of consent.  29 U.S.C. § 256.  The Court should reject Plaintiff's request to expand the doctrine of equitable tolling to collective actions based upon the customary and expected procedures attendant to a motion for conditional certification or the other proper processing of a case in federal court.  To hold otherwise would result in equitable tolling being granted in virtually every § 216(b) case as a matter of course during the pendency of a conditional certification request, thereby transforming this extraordinary remedy into a routine, automatic one, with the exception swallowing the rule. *Davenport,* 2014 WL 2993739, at *5. (citing *Longcrier,* 595 F.Supp.2d at 1244.)  Plaintiffs' assertions about the

9

conditional certification process, "unnecessary" motions filed by Defendant, and unfounded allegations of Defendant's attempt to "mislead" Plaintiff provide no basis whatsoever to toll the statute of limitations in this case. Defendant Pyramid respectfully asks that the Court deny Plaintiff's Motion.

Respectfully submitted,

/s/ *Samantha J. Monsees*
J. Randall Coffey        MO Bar No. 35070
Samantha J. Monsees     MO Bar No. 65545
FISHER & PHILLIPS LLP
4900 Main Street, Suite 650
Kansas City, MO  64112
TEL:  (816) 842-8770
FAX:  (816) 842-8767
Email:  rcoffey@fisherphillips.com
Email:  shorner@fisherphillips.com

ATTORNEYS FOR DEFENDANT
PYRAMID CONSULTING, INC.

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document served via operation of the Court's CM/ECF system to Kevin Dolley and Jason Finkes, Law Office of Kevin J. Dolley, LLC, 2726 S. Brentwood Blvd., St. Louis MO 63144, attorneys for Plaintiff, on this 22nd  day of December, 2016.

/s/ *Samantha J. Monsees*
Attorney for Defendant