IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH LYNN GETCHMAN, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |  Case No. 4:16-cv-01208-CDP
| PYRAMID CONSULTING, INC., | ) ) |
| Defendant. | ) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS FOR FLSA COLLECTIVE ACTION CLAIMS**

COMES NOW Plaintiff Deborah Lynn Getchman ("Plaintiff" or "Getchman"), by and through undersigned counsel, and for her Reply in Support of Plaintiff's Motion for Equitable Tolling of the Statute of Limitations for FLSA Collective Action Claims, states as follows:

**I.   DEFENDANT MISCONSTRUES FLSA PRECEDENT ON EQUITABLE TOLLING.**

Defendant misconstrues precedent regarding equitable tolling as applied to the Fair Labor Standards Act.  Defendant glosses over the relief granted in *Davenport v. Charter Commc'ns, LLC,* No. 4:12CV0007 AGF, 2014 WL 2993739 (E.D. Mo. July 3, 2014) and *Holliday v. J S Exp. Inc.*, No. 4:12CV01732 ERW, 2013 WL 2395333 (E.D. Mo. May 30, 2013).  To argue around the relief granted in these cases and the rationale therefor, Defendant relies on cursory reference to dicta from *Davenport* regarding the "extraordinary remedy" of equitable tolling. [ECF No. 38].

However, in *Davenport*, Judge Fleissig explained that increasingly clogged federal dockets create perverse incentives for defendants to further clog those dockets with staunch opposition to conditional certification, pre-certification discovery disputes, and other motion

1

practice. *Davenport*, 2014 WL 2993739, at *8 (concluding a significant delay, whether arising from "[a]ggressive motion practice" or a "[c]ourt's heavy docket," should not be permitted "to extinguish putative class members' claims"). Efforts by defendants to take advantage of civil procedure to effectuate delay takes the delay out of the hands of not only the named plaintiff, but putative members lacking notice of their rights. Because of this reality, Judge Fleissig tolled the applicable statute of limitations in *Davenport*. *See also, e.g.*, *Holliday*, 2013 WL 2395333 (Judge Webber granting equitable tolling of FLSA statute of limitations back to date plaintiff filed motion for conditional certification with the Court due to procedural delays).

Defendant misstates Congress's intent in enacting the FLSA and its opt-in mechanism by attempting to read into it an assumption that putative class members immediately know of their rights under federal law. The plain and express intent of the Fair Labor Standards Act is "to correct and as rapidly as practicable to eliminate" illegal wage structures. 29 U.S.C. §202(b). "Courts do not attribute constructive knowledge of a pending FLSA lawsuit to putative plaintiffs." *Davenport*, 2014 WL 2993739, at *7. Defendant ignores this fundamental purpose of the FLSA and reality regarding putative class members' lack of knowledge regarding their rights; instead, Defendant encourages this Court to allow claims to expire "as a result of procedural maneuvering, piecemeal litigation, or attrition"—not rise or fall on their merits. *See, e.g.*, *Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300, 1309 (D. Colo. 2015) (granting equitable tolling and conditional certification and noting impropriety of comparing disparate procedures and requirements of Rule 23 and §216(b)).

Perhaps most tellingly, Defendant does not address the absence of substance behind its procedural delay tactics—namely, the complete lack of evidence supporting its Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendant has not, and cannot, present evidence of a

$8,564.73 payment to Plaintiff or the government.  This repeated failure demonstrates not only the lack of merit to Defendant's Motion to Dismiss, but also the ultimate goal of Defendant's pre-certification motion practice (including but not limited to its Motion to Dismiss): to effectuate delay for purposes of extinguishing or gutting claims of putative class members.

II.     **THE IMPROPRIETY OF DEFENDANT'S PATTERN OF CONDUCT RENDERS THIS AN EXTRAORDINARY CASE.**

Defendant argues that this case is routine and its tactical efforts to frustrate FLSA collective actions have been normalized.  In particular, Defendant relies on *Huggins v. United States*, 2005 WL 6112625 (Fed. Cl. Aug. 16, 2005) and contends that misinformation regarding proper pay is insufficient.  However, unlike *Huggins*, this case is an extraordinary one in that Defendant privately *admitted* to Plaintiff the impropriety of its wage scheme, but now seeks to obtain a windfall by refusing to self-report to the Department of Labor regarding the same and by preventing collective resolution of the claims of similarly situated individuals by "picking off" Plaintiff via issuance of an unaccepted offer of judgment.  Defendant's pattern of conduct unmistakably seeks to chill the assertion of FLSA rights, whether it be through attempts to dilatorily deny subject matter jurisdiction [ECF No. 21]; to delay access to discovery [ECF No. 22]; to modify Plaintiff's proposed Notice by insertion of chilling language [ECF No. 18]; to effectively institute a gag order on employees discussing their wages [ECF No. 6-2]; or to include indemnification clauses in form contacts against employees who seek to declare or enforce their wage and hour rights. [ECF No. 6-1, ¶16].  The Court should reject Defendant's attempts to impair the rights of similarly situated individuals through further procedural delay.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Court enter an Order granting Plaintiff's Motion for Conditional Certification and equitably tolling the applicable statute of limitations for FLSA claims to the earliest of the following potential dates:

July 13, 2015, January 22, 2016 or July 22, 2016, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

By:     */s/ Kevin J. Dolley*
Kevin J. Dolley (E.D. Mo. #54132MO)
Jason M. Finkes (E.D. Mo. #65903MO)
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com
jason.finkes@dolleylaw.com

*Attorneys for Plaintiff Deborah Lynn Getchman and those similarly situated*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served upon the attorneys of record for Defendant by electronic filing on December 27, 2016 through the Court's electronic filing system.

                                                */s/ Kevin J. Dolley*