UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH LYNN GETCHMAN, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:16 CV 1208 CDP |
| PYRAMID CONSULTING, INC., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

In this collective action named plaintiff Deborah Lynn Getchman claims that defendant Pyramid Consulting violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., when it failed to properly calculate and pay overtime to its employees, including Getchman. Before me now are a motion to dismiss based on lack of subject matter jurisdiction filed by Pyramid, a motion for conditional certification of the class, and a motion for equitable tolling of the statute of limitations for the collective action claims. For the reasons discussed below, I am denying the motion to dismiss for lack of subject matter jurisdiction, granting the motions for conditional certification, and granting in part the motion for equitable tolling of the statute of limitations.

## Background

Pyramid is a company based in Alpharetta, Georgia that provides information technology staffing and enterprise solutions to small and medium-sized businesses. Getchman began working as a consultant for Pyramid in June 2014. In accordance with her employment agreement, she worked on site at one of Pyramid's client locations as a contract project coordinator/manager. The terms of Getchman's employment, including her hourly compensation, were set out in a Consultant Agreement and Work Order. Prior to July 23, 2015, Getchman's work order indicated a split between her taxable hourly wages (the "Consultant's Rate") and her "per diem" hourly wages, which were untaxed and purportedly meant to cover her daily expenses. For instance, as a hypothetical illustration, Getchman's total hourly rate of pay would be $15, but that would be split into a "Consultant's Rate" of $10, and a per diem rate of $5. From the time she was hired in July 2014 through early July 2015 Getchman's hours were split in this manner. During this period, Getchman's overtime pay was calculated using only the consultant's rate and excluding the per diem rate. Using the above hypothetical rates, this means she would have been paid an overtime rate of $15 ($10 x 1.5) instead of $22.5 ($15 x 1.5).

Apparently, Pyramid stopped separating Getchman's consultant and per diem rates and began paying her overtime based on a combined rate calculation in

mid-July 2015. In August 2015 Getchman contacted Pyramid's human resources department informing them that she believed her overtime rate had been improperly calculated during the previous year. After some back and forth communication, Pyramid sent her a check, which Getchman deposited, for $2708.91. The memo line of the check stated "OT hrs arrear." Pyramid indicated that that it had arrived at this amount by first identifying the amount Getchman was owed in overtime pay[1] as $11,945.91. It then calculated and subtracted $8564.73 as the amount of taxes that would have been due on Getchman's per diem pay for the entire year if her per diem pay had been included in her consultant's rate.[2] Getchman disputed that the amount of the check was sufficient, and ultimately, she filed this lawsuit in July 2016 on behalf of herself and a class of similarly situated "hourly, non-exempt consultants" alleging violations of the overtime wage provisions of the FLSA. Simultaneously with her complaint, Getchman filed a motion to certify a class conditionally for an FLSA collective action. She seeks to certify this case as a collective action and receive authorization to send notice under § 216(b) of the FLSA to all current and former "hourly non-exempt employees [of Pyramid] paid per diem amounts or rates by defendant within the last three years."

---

[1] By adding her per diem rate into her hourly rate before calculating her overtime rate.
[2] In other words, once the per diem amounts were included in Getchman's consultant's rate to calculate her overtime, she owed taxes on all of her per diem money.

On or around September 30, 2016, two months after Getchman's complaint and motion for conditional certification was filed, Pyramid served a Rule 68 offer of judgment on Getchman, in which Pyramid offered to have judgment taken against it and have the court determine reasonable attorneys' fees and costs. Stapled to the offer of judgment was a $15,000 check, which Pyramid contends "exceeds the overtime and liquidated damages that Plaintiff ever could possibly recover in this case." The memo line on the check read "Settlement." The check was returned to defendant's counsel with a letter from Getchman's counsel stating the offer of settlement was rejected. Pyramid then filed a motion to dismiss this case for lack of jurisdiction and requested a stay of discovery and pending deadlines while that motion was under consideration by the Court. I granted Pyramid's motion for a stay.

**Pyramid's Motion to Dismiss**

In its motion to dismiss, Pyramid claims it has tendered to Getchman everything she is asking the Court to award her in her individual claim. As a result, Pyramid asserts there is no remaining Article III controversy and Getchman's lawsuit is moot. In response, Getchman argues Pyramid's tender does not moot her claim because it does not constitute an offer of full and complete relief and because a defendant cannot unilaterally moot a plaintiff's claim with a rejected tender of relief.

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." U.S. Const. Art. III, § 2. This has been interpreted by the Supreme Court to mean that an actual controversy must be "extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). Pyramid's argument here is that a tender of full relief on Getchman's individual claim in addition to an offer of judgment leaves no existing case or controversy as to Getchman herself, and because no class has been certified, the entire case is moot. The Supreme Court of the United States recently addressed Article III standing under similar circumstances in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). The plaintiff in *Campbell-Ewald* filed a putative class action complaint under the TCPA. *Id*. at 667. Defendant in that case proposed to settle plaintiff's individual claim through a Rule 68 offer of judgment and simultaneous settlement offer. *Id*. at 667-68. The plaintiff rejected the offers, and the defendant moved to dismiss pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction, arguing no "case or controversy" existed because plaintiff had been offered complete relief. *Id*. at 668. The Court rejected defendant's "pick off" attempt, holding that an unaccepted settlement offer simply has "no force," and like other unaccepted contract offers "creates no lasting right or obligation." *Id*. at 666. Furthermore, the Court opined,

"[A] would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Id*. at 672.[3]

The *Campbell-Ewald* decision pointedly left open the question of whether a full tender of settlement would be sufficient to moot a plaintiff's claim. *Id*. ("[t]hat question is appropriately reserved for a case in which it is not hypothetical"). Since then, courts that have looked at the issue have been somewhat split. *Compare Geisman v. American Homepatient, Inc.*, No. 4:14cv1538 RLW, 2016 WL 3407815 (E.D. Mo. June 16, 2016) (defendant not permitted to tender payment to a class representative on his individual claims, over plaintiff's objection, to incapacitate the class action before plaintiff has a fair opportunity to show that certification is warranted) *and Ung v. Universal Acceptance Corp.*, Civ. No. 15-127 (RHK/FLN), 2016 WL 3136858 (D. Minn. June 3, 2016) (plaintiff's TCPA claims were not rendered moot by a tendered but rejected check for settlement of plaintiff's individual claims) *and Brodsky v. HumanaDental Ins. Co.*, No. 1:10-CV-03233, 2016 WL 5476233 (N.D. Ill. Sept. 29, 2016) (plaintiff's claims in TCPA class action were not moot where defendant had placed full amount of plaintiff's expected individual recovery in escrow for payout to plaintiff

---

[3] In so holding, the Court adopted the reasoning applied by Justice Kagan in her dissent in *Genesis Healthcare Corp.*, 133 S. Ct. 1523, 1533 (2013). Notably, the plaintiff's claims in *Genesis* were brought under the FLSA.

upon entry of judgment by court) *and O'Neal v. America's Best Tire LLC*, No. CV-16-00056-PHX-DGC, 2016 WL 3087296 (D. Ariz. June 2, 2016) (rejecting defendants' argument that tender of checks for unpaid compensation and liquidated damages in FLSA putative collective action rendered the case moot because "[p]laintiffs have not accepted the checks tendered by [d]efendants") *and Martelack v. Toys R US*, 13-CV-7098, 2016 WL 762656, at *3 (D. N.J. Feb. 25, 2016) (concluding that defendant's tender of an uncashed check in an attempted satisfaction of plaintiff's FLSA claim "do not moot [p]laintiff's claims for unpaid wages") *with McNerney v. A.M.T. Grp., Inc.*, No. 115CV1260 (GTS/DJS), 2016 WL 5107117, at *5 (N.D.N.Y. Sept. 20, 2016) (denying motion to dismiss on other grounds but noting "the Court is inclined to find that, where an FLSA plaintiff is tendered full relief in the form of a check, he cannot avoid mootness by refusing to cash that check") *and S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, No. CV 15-13069-PBS, 2016 WL 1441791 (D. Mass. Apr. 12, 2016) (named plaintiff no longer had "live claim" where defendant offered to deposit a check with the court satisfying all of plaintiff's individual claims and have the district court enter judgment in plaintiff's favor).

Although the Eighth Circuit has not examined this question in the wake of *Campbell-Ewald*, it previously held that judgment could be "entered

against a putative class representative on a defendant's offer of payment only where class certification [had] been properly denied and the offer satisfie[d] the representative's entire demand for injuries and costs of the suit." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) (further noting, the "[a]cceptance of a tendered offer need not be mandated … since the defendant has not offered all that has been requested in the complaint (i.e. relief for the class)"). Similarly, when another judge of this court addressed the question of whether a tender of full settlement can unilaterally moot a plaintiff's claim, he extended *Campbell-Ewald*'s logic, finding there to be "no principled difference between a plaintiff rejecting a tender of payment and an offer of payment." *Giesmann, MD, P.C. v. American Homepatient, Inc.*, No. 4:14cv1538 RLW, 02016 WL 3407815, at *3 (E.D. Mo. June 16, 2016).

    I agree with the foregoing reasoning. The facts before me indicate that Pyramid made a tender offer of settlement via a check that was subsequently refused and returned by Getchman. This is not materially different than if Pyramid had communicated an offer of settlement that Getchman in turn rejected. In both scenarios, the "'unaccepted [offer]—like any unaccepted contract offer—is a legal nullity, with no operative effect,'" and plaintiff is left without satisfaction of either her individual or her class

claims. *Campbell-Ewald*, 136 S.Ct. at 670 (quoting *Genesis Healthcare Corp.*, 133 S. Ct. 1523, 1533 (2013) (Kagan, J., dissenting)). Moreover, as noted by this court in *Giesman*, if I were to accept that a defendant's rejected tender of payment moots a plaintiff's individual claims, "[d]efendants would essentially have control of the putative class." *Giesmann*, 02016 WL 3407815, at *3 (citing *Ung v. Universal Acceptance Corporation*, Civ. No. 15-127 (RHK/FLN), 2016 WL 3136858, at *7 (D. Minn. June 3, 2016)). "The law does not countenance the use of individual offers to thwart class litigation, because the class-action device is designed to allow similarly situated plaintiffs to aggregate smaller claims, promoting judicial efficiency." *Ung*, 2016 WL 3136858, at *5 (internal quotation marks and citation omitted). Accordingly, I am denying Pyramid's motion to dismiss for lack of jurisdiction.

### **Getchman's Motion to Conditionally Certify an FLSA Collective Action**

As noted, and based on the background described above, Getchman brings a collective action for unpaid compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., on behalf of herself and others similarly situated. She has moved for conditional certification of this case as a collective action under FLSA so that she may notify certain of

Pyramid's past and present employees of this action and provide them the opportunity to "opt in" as plaintiffs to this litigation. Pyramid opposes conditional certification, but I will grant Getchman's motion for the reasons that follow.

Section 7 of the Fair Labor Standards Act mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for her overtime with additional pay of at least one and one half times the regular rate at which she is employed. 29 U.S.C. § 207.[4] The Act also provides that any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

An action to recover the overtime and liquidated damages may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Id*. The FLSA does not define the term "similarly situated." Although the Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in

---

[4] An employee's regular rate is defined as "all remuneration for employment," 29 U.S.C. § 207(e), but it does not include "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer." 29 U.S.C. § 207(e)(2). Pyramid does not appear to dispute at this juncture that Getchman's "per diem" wages should have been included in calculating her regular rate and thus her overtime rate.

plaintiffs are "similarly situated" under § 216(b), the district courts in this circuit use a two-step analysis. *See, e.g., Simmons v. Enterprise Holdings, Inc.*, 2011 WL 855669, *2 (E.D. Mo. Mar. 9, 2011); *Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159 (D. Minn. 2007); *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005); *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574 (N.D. Iowa 2005); *McQuay v. American International Group, Inc.*, 2002 WL 31475212 (E.D. Ark. 2002).

As is typical under the two-step process, Getchman has moved for conditional certification for notice purposes at an early stage of the litigation. *See Davis*, 408 F. Supp. 2d at 815. At this first step in the process, I do not reach the merits of her claims. *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (citation omitted). Plaintiff's burden at this stage is not onerous. *See Kautsh*, 504 F. Supp. 2d at 688; *Smith v. Heartland Automotive Services, Inc.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005) (burden at first stage is "not rigorous"). Conditional certification at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a

single decision, policy or plan." *Davis*, 408 F. Supp. 2d at 815. "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated." *Fast v. Applebee's International, Inc.*, 2007 WL 1796205, *3 (W.D. Mo. June 19, 2007). That determination is made during the second step of the process, after the close of discovery. *Id.* "Determining whether such a collective action is the appropriate means for prosecuting an action is in the Court's discretion." *Heartland*, 404 F. Supp. 2d at 1149 (citation omitted). Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to "opt-in." *Parker*, 492 F. Supp. 2d at 1159.

At the second step of the process, the defendant may move to decertify the class. *See Dernovish v. AT&T Operations, Inc.*, 2010 WL 143692, *1 (W.D. Mo. Jan. 12, 2010). This is typically done after the close of discovery when I have more information and am able to make a factual determination as to whether the members of the conditionally certified class are similarly situated. *See Davis*, 408 F. Supp. 2d at 815. To be similarly situated, however, "class members need not be identically situated." *Fast*, 2007 WL 1796205, *4 (W.D. Mo. June 19, 2007).

Having reviewed Getchman's motion in light of the relevant standards, I find that she has cleared the relatively low hurdle of

demonstrating that conditional certification of the collective action is appropriate. Getchman has come forward with substantial allegations that she and the other members of the proposed collective action were victims of a single decision, policy, or plan to deprive them of compensation, namely, that they did not receive all overtime pay for those hours worked in excess of forty per week because of Pyramid's exclusion of certain compensation (the "per diem" pay) from its calculation of the regular rate. Pyramid has argued that Getchman's motion must fail because she has not presented evidence that any other similarly-situated employee seeks to join the lawsuit. But evidence of "interest" from similarly situated employees is not required at this stage of the case. *See Arnold v. DirecTV, Inc.*, No. 4:10-cv-352-JAR, 2012 WL 4480723, at *6 (E.D. Mo. Sept. 28, 2012). As noted by the Court in *Ondes v. Monsanto*, a rule requiring plaintiff to submit evidence that potential class members desire to opt-in at the first stage of certification would effectively require plaintiffs to issue their own form of informal notice. No. 4:11CV197 JAR, 2011 WL 6152858, at *5 (E.D. Mo. Dec. 12, 2011). Besides posing a risk of "unnecessarily [giving] rise to potential ethical issues," *Id*. (citation omitted), this would seem to confound the nature of evidence required at the first and second steps, turning the process on its head. The verified complaint contains sufficient allegations of the likely

existence of a putative class, and as such, Getchman has met her burden for conditional certification.

As Getchman has pled a willful violation, a three-year certification period is appropriate. *See Simmons*, 2011 WL 855669, at *4 (three-year certification period); *Beasely v. GC Services LP*, 270 F.R.D. 442, 445 (E.D. Mo. 2010) (same).

Pyramid has argued that the proposed class should be limited only to consultants whose employment began before January 1, 2015 because no consultants hired after that date, except one, were placed into the same pay plan as Getchman. Pyramid cites no legal support for this argument, and I see no reason to artificially limit the class in this way. The notice is addressed to "hourly non-exempt employees paid per diem amounts or rates by defendant within the last three years." If no employees after January 1, 2015, fall into this category, then the class will be self-limiting.

Pyramid also argues that Getchman's proposed notice should be modified to add language regarding an opt-in plaintiff's potential responsibilities after joining the suit. Specifically, Pyramid seeks to add the following language to the notice:

> While this lawsuit is proceeding, you may, among other things, be required to provide information, sit for depositions, and if the case proceeds to trial or is otherwise necessary, testify in

court in St. Louis, Missouri. If Plaintiff prevails , you may be entitled to an award of back pay for your overtime hours worked, which may include an additional amount of liquidated damages and/or prejudgment interst. If you opt-in and are unsuccessful on the merits of your claim, you may be responsible for Pyramid's costs in this matter.

Pyramid contends that the Consent to Join form is similarly deficient and proposes adding the following language:

I understand that while this lawsuit is proceeding, I may, among other things, be required to provide information, sit for depositions, and, if the case proceeds to trial or is otherwise necessary, testify in court in St. Louis Missouri. I understand that I will be entitled to share in any recovery by the Plaintiff and, further, that if no monetary judgment, payment or settlement is obtained, I will receive nothing. I understand that if I opt-in and am unsuccessful on the merits of my claim, I may be responsible for defendant's costs in this matter.

In her reply, Getchman argues that these changes should be rejected as they seek only to intimidate or discourage participation by potential opt-in plaintiffs.

The purpose of the notice forms is to inform potential class members of the existence of the lawsuit and allow them to evaluate whether they wish to join it. *Littlefield v. Dealer Warranty Servs.*, LLC, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010) (citations omitted). A court should not alter a plaintiff's proposed notice "unless certain changes are necessary." *Perrin v.*

*Papa John's Intern., Inc.*, No. 4:09CV1335 AGF, 2011 WL 4815246, at *3 (E.D. Mo. Oct. 11, 2011) (*citing id.*).

Here, I conclude that the language informing plaintiffs of their potential participatory responsibilities is proper. *See, e.g.,Huang v. Gateway Hotel Holdings,* 248 F.R.D. 225 (E.D. Mo. 2008) (upon objection by defendant, ordering amendment of the form of notice to include language regarding opt-in plaintiffs' potential discovery and trial obligations) *and Ahle v. Veracity Research Co.*, Civil No. 09-00042 ADM/RLE, 2009 WL 3103852, at *6 (D. Minn. Sept. 23, 2009) (same); *see also Reab v. Eelectronic Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002) (approving "precatory rather than mandatory language" in the form of notice that informed opt-in plaintiffs of their potential obligation to participate in the litigation). Therefore, the following sentence should be added to Getchman's proposed form of notice:

> **"While this lawsuit is proceeding, you may, among other things, be asked to provide information, sit for depositions, and if the case proceeds to trial, testify in court."**

And the following sentence should be added to plaintiff's proposed consent to join:

> **"I understand that while this lawsuit is proceeding, I may, among other things, be asked to provide information, sit for**

> **depositions, and, if the case proceeds to trial, testify in court."**

In contrast, because the chance of a plaintiff incurring anything other than *de minimus* costs is remote, I agree with Getchman that Pyramid's proposed language regarding plaintiffs' responsibility for defendant's costs is improper. *See Hussein v. Capital Building Services Group*, Inc., 152 F. Supp. 3d 1182, 1196-97 (D. Minn. 2015) ("the threat of payment of defense costs to absent class members…is out of proportion to the risk and including such a warning could have a chilling effect on participation in the collective action") (collecting cases), *but see Perrin*, 2011 WL 4815246, at *4 (requiring proposed notice be amended to add language regarding plaintiffs' potential liability for defendant's costs).

Finally, as to Getchman's motion for equitable tolling of the statute of limitations, I agree that tolling the limitations period for the time it took the Court to consider this motion is appropriate. Therefore, the statute of limitations will be tolled as of the date Getchman filed her motion for conditional certification, July 22, 2016, through the date of this order. *See Holliday v. J S Exp. Inc.*, No. 4:12CV01732 ERW, 2013 WL 23953333, at *8 (E.D. Mo. May 30, 2013) (permitting tolling during the time it took for the Court to consider a pre-trial motion)(citing *Putnam v. Galaxy 1*

*Marketing, Inc* ., 276 F.R.D. 264, 276 (S.D.Iowa, 2011) *and Davenport v. Charter Commc'ns, LLC*, No. 4:12CV00007 AGF, 2014 WL 2993739, at *4 (E.D. Mo. July 3, 2014). To the extent Getchman's motion asks for further tolling, the motion is denied.

I will set a Rule 16 Conference for this case by separate order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss for lack of jurisdiction [21] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for equitable tolling of the statute of limitations for FLSA collective action claims [36] is **GRANTED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that plaintiff's motion for order conditionally certifying collective action [4] is **GRANTED**, and the Court conditionally certifies a class of all current and former hourly non-exempt employees of defendant Pyramid Consulting, Inc., who were paid per diem amounts or rates by defendant for a period of three (3) years preceding July 22, 2016 and ongoing.

**IT IS FURTHER ORDERED** that defendant shall provide plaintiff's attorneys with the names, employment dates, and last known addresses of all potential class members within 14 days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff may send out a notice and consent to join consistent with Exhibits 1 and 2 of her memorandum and including the amendments discussed above.

                                            _____
                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2017.